UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHEN JOHNSON,

        Petitioner,

  v.                                Case No. 07C672

MATTHEW J. FRANK,

        Respondent.

---

## ORDER

On July 23, 2007, Stephen Johnson filed a petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, asserting that his parole revocation and parole supervision extension violated the Constitution. Petitioner was convicted of armed robbery in 1993 in the Milwaukee County Circuit Court. He was sentenced to 15 years imprisonment, but was received to parole supervision in 2002. In 2006, petitioner's supervised parole was revoked, and petitioner was reincarcerated. Petitioner has since been released from prison, and is challenging the extension of the period of parole supervision, initially slated to end in May 2008.[1] Petitioner has also filed a motion to proceed in forma pauperis.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall

---

[1] Although petitioner is no longer incarcerated, he is still subject to extended parole supervision and therefore is "in custody" for purposes of the habeas corpus statute. <u>Jones v. Cunningham</u>, 371 U.S. 236, 242 (1963).

> make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts that the procedures used in his parole revocation, resulting in the extension of his supervised parole, violated his rights under the Constitution. Such claims present at least colorable constitutional issues. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972). It also appears on the face of the petition that petitioner exhausted his administrative and state remedies, having sought review of the decision at the administrative appeal level and through the state court system up to the state supreme court. See O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). Therefore, I will not dismiss the petition at this time.

Petitioner filed with his petition an application for leave to proceed in forma pauperis. Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). The present petitioner, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Because the statutory filing fee for an application for a writ of habeas corpus is only $5, however, a petitioner will rarely have insufficient income or assets to pay the fee.

Petitioner has filed the required affidavit of indigence. After reviewing the affidavit, I am satisfied that petitioner does not have the assets or income necessary to pay the $5 filing fee. He has no assets, and is currently unemployed and without income. I therefore will grant his motion to proceed in forma pauperis.

**THEREFORE,**

**IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and

3

(2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed in forma pauperis is **GRANTED.**

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 15 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge